UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CASE NO. 2:18-CR-0103-RDP-JEO |
| ) | |
| PATRICK EMEKA IFEDIBA; NGOZI ) | |
| JUSTINA OZULIGBO, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

The court previously granted the Government's Motion in Limine (Doc. 71) to Exclude Evidence of "Good Care" and of Patients' Positive Experiences at Care Complete Medical Clinic. (Doc. 103.) This Memorandum Opinion supplements the court's reasons for granting the motion, in addition to the reasons stated at the pretrial conference on February 5, 2019. (Doc. 103.)

The Government seeks to exclude as irrelevant "any evidence . . . that Care Complete Medical Clinic provided legitimate medical care to patients who are not the basis of any charge in the indictment;" and "any evidence that some patients . . . had a positive experience at Care Complete Medical Clinic." (*Id*. at 1.)

> In general, the term "in limine" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A ruling on evidence in limine "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial. [It] also may save the parties time, effort and cost in preparing and presenting their cases." *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, *1 (M.D. Ala. Feb.

20, 2001) (internal citations and quotations omitted). Nevertheless, "it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. Thus, the motion in limine is an effective approach only if the evidence at issue is clearly inadmissible." *Id*. (citations omitted).

*Murphy v. Precise*, No. 1:16-CV-0143-SLB-DAB, 2017 WL 6002581, *1 (M.D. Ala. Dec. 1, 2017).

Among other things, the Indictment charges defendants with health care fraud and conspiracy to commit health care fraud. Defendant Patrick Emeka Ifediba is charged with unlawfully distributing and dispensing controlled substances. Both defendants are charged with money laundering.

The Government asks the court to exclude "evidence that other patients – none of whom form the basis of any charge in the indictment – received legally prescribed controlled substances and/or medically necessary allergy tests and treatment," on the ground that such evidence is "irrelevant and impermissible 'good character' evidence." (Doc. 71 at 3.) Defendant Ngozi Justina Ozuligbo contends:

> "[E]vidence as to proper treatment she provided would be relevant to determine whether or not her actions on other occasions may have been intentional or simply negligent or reckless acts. The fact she may have been involved in thousands of allergy test for which only ten or whatever number were improper would be relevant to a jury's consideration as to whether she had a fraudulent intent, or was simply making negligent, or reckless acts in the performance of her services as a nurse in the Complete Medical Care Clinic. The jury should be allowed to hear testimony from persons that Defendant Ozuligbo saw many patients. Defendant Ozuligbo performed allergy tests as they should have been done for valid reasons and that her actions were not fraudulent in nature on those occasions. The evidence of proper care would be relevant towards the issues of fraudulent intent which the Government must

2

prove beyond a reasonable doubt. To limit the Defendant and her ability to present such evidence denies her the ability to present a proper defense to the specific fraudulent intentions the Government contends exist.

(Doc. 86 at 2-3.) Dr. Ifediba argues, vaguely, that he might offer evidence of undefined specific acts that "negates the alleged elements of the alleged conspiracy," and "relevant" evidence that "disprov[es] a material element of the alleged charges," including "character evidence." (Doc. 87 at 1-2.) Neither defendant has described or submitted the evidence of "good care" that he or she intends to offer.

> The general rule precluding introduction of character evidence to show a person's predisposition to commit (or not commit) a crime is clear. Fed. R. Evid. 404(a)(1) expressly provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." As such, the government generally cannot introduce evidence attempting to show that a defendant was predisposed to commit a crime, *see United States v. Brannan*, 562 F.3d 1300, 1308 (11th Cir. 2009), nor can a defendant present evidence of generally good conduct in an attempt to negate the government's showing of criminal intent, *United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008).

*United States v. Rutgerson*, 822 F.3d 1223, 1239 (11th Cir. 2016). Therefore, "generally, evidence of good conduct is not admissible to negate criminal intent." *United States v. Moreira*, 605 Fed. Appx. 852, 859 (11th Cir. 2015) (quoting *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir.1991)) (internal quotations omitted). "A defendant is not permitted to portray himself as a good character through the use of prior 'good acts,' and evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant." *United States v. Lepore*, No. 1:15-CR-367-WSD-JKL, 2016 WL 4473125, *6 (N.D. Ga. Aug.

25, 2016) (quoting *Camejo*, 929 F.2d at 613 and *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978); citing *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions.")); *see also Moreira*, 605 Fed. Appx. at 859 ("The Government did not charge and did not argue that there was no legitimate business conducted at Anna Nursing. Thus, evidence that some of the claims filed by Anna Nursing may have been for services legitimately provided to eligible patients without the payment of kickbacks was irrelevant."); *United States v. Hung Thien Ly*, 543 Fed. Appx. 944, 946 (11th Cir. 2013) ("The district court did not abuse its discretion in precluding Ly from introducing evidence that he discharged other patients who allegedly violated his screening protocols. This evidence is not probative of his intent with respect to the patients who received the drugs covered by the indictment.").

The Government's Motion in Limine was therefore due to be granted. Defendants shall not offer evidence of good care and positive experiences of patients at CCMC other than those instances specifically set forth in the Indictment. Defendants may retain the right to make an offer of proof, outside the presence of the jury, based on unexpected developments during the trial.

**R. DAVID PROCTOR**

UNITED STATES DISTRICT JUDGE